Mr. Barry Emigh 1720 Arrowhead Rd., Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed amendment to the Constitution of the State of Arkansas:
 POPULAR NAME PURCHASE PRICE OF REAL PROPERTY AS THE ASSESSED VALUE AND SHALL NOT CHANGE; UNTIL, THE TITLE IS TRANSFERRED:
 BALLOT TITLE AMENDMENT TO PROVIDE THE PURCHASE PRICE OF REAL PROPERTY UPON TRANSFER OF TITLE TO BE THE ASSESSED VALUE OF REAL PROPERTY FOR THE PURPOSE OF TAXATION AND SHALL NOT CHANGE; UNTIL, THE REAL PROPERTY TITLE IS AGAIN TRANSFERRED: TO PROVIDE THE ASSESSED VALUE ON REAL PROPERTY AS RECORDED IN THE COUNTY CLERK'S OFFICE UPON PASSAGE OF THIS AMENDMENT SHALL NOT CHANGE FOR THE PURPOSE OF TAXATION; UNTIL, THE REAL PROPERTY TITLE IS AGAIN TRANSFERRED: TO PROVIDE THE ASSESSED VALUE OF REAL PROPERTY TO BE ASSESSED ON THE ACTUAL COST OF CONTRACTED WORK ON REAL PROPERTY REQUIRING AN ISSUED PERMIT FROM A STATE OR LOCAL AUTHORITY: TO EXCLUDE PUBLIC LANDS AND REAL PROPERTY TITLED IN THE NAME OF A NONPROFIT AND RELIGIOUS ORGANIZATION AND OTHER PROPERTIES EXEMPT FROM TAXATION FROM THIS AMENDMENT: PROVIDE FOR THE REASSESSMENT OF REAL PROPERTY BY THE ASSESSOR WHEN THE VALUE OF REAL PROPERTY CANNOT BE ASSESSED ON THE PURCHASE PRICE UPON THE TRANSFER OF A REAL PROPERTY TITLE: TO PROVIDE FOR SEVERABILITY AND REPEAL OF STATUTES AND LAWS IN CONFLICT WITH THIS AMENDMENT:
You have previously submitted popular names and ballot titles for similar proposed measures. I rejected those submissions on the grounds of certain ambiguities in the text of the proposed measures. See Ops. Att'y Gen. Nos. 99-355; 99-337; 99-266. The popular name and ballot title under consideration here appear to be a resubmission of those that were rejected in Ops. Nos. 99-355, 99-337, and 99-266.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed measure. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed measure that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed measure, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must again reject both your proposed popular name and ballot title due to certain unresolved ambiguities in the text of your proposed measure. I cannot fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable at this time to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
The proposed measure contains various ambiguities. I will give examples of some specific areas of concern; however, it must be understood that my discussion of these areas of concern is not exhaustive.
The following ambiguities must be clarified in your measure before I can perform my statutory duty:
 (1) Section Two of the proposed amendment states: "Upon passage of this amendment those real properties that cannot for all purposes be assessed on the purchase price . . . shall have the Ad Valorem tax . . . applied to the assessed value. . . ." It is unclear exactly what property this provision will apply to. What is particularly unclear is the phrase" for all purposes". This raises the question of the basis for calculating taxes on property that can be assessed on the purchase price for some purposes.
 (2) Section Three of the proposed amendment states: "The value of the real property for the purpose of taxation shall be increased by the actual cost of contracted work. . . ." It is unclear whether this provision will apply to all property, or only that property that has not been transferred.
 (3) Section Four of the proposed amendment states: "Any, and all other real property within the provisions of the law, and any laws exempting any properties from taxation with the provisions of the law, and any laws exempting those properties from taxation shall stand, and are hereby excluded from this amendment." First, it is unclear exactly what property is referred to by the phrase "all other real property within the provisions of the law[.]" Second, this provision, when read in its entirety, appears to conflict with the general repealer clause of Section Seven of the proposed amendment.
 (4) Section Five of the proposed amendment provides for assessment of property by the assessor "when the value of any real property, or part of a real property upon transfer of title cannot be assessed on the purchase price." It is unclear exactly when this provision will apply. More specifically, it is unclear when the value of property cannot be assessed on the purchase price, or how it will be determined that such an assessment cannot be made.
Unless the foregoing ambiguities are resolved, I will be unable to summarize your proposed amendment effectively. I reiterate that I do not purport to have set out an exhaustive list of possible problems with the proposed measure. For this reason, I recommend that you consult with legal counsel of your choice, or with a person who is skilled in the drafting of legislation.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen,303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See
A.C.A. § 7-9-107(c). You may, after clarification of the issues discussed above, resubmit your proposed amendment, along with a new proposed popular name and ballot title, at your convenience. I anticipate that some changes or additions to your submitted ballot title may be necessary to reflect adequately the clarified language of the proposed amendment. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General